UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVIN MONAIR-DONTH PETTWAY,

    Plaintiff,　　　　　　　　　　　Case No.
　　　　　　　　　　　　　　　　　　　　Hon.
vs.

THE MICHIGAN STATE POLICE,
TROOPER BRENNAN KELLY AND
JOHN DOE OFFICERS,
in their individual and
official capacities, jointly and severally,

    Defendants
_____/
HANEY LAW GROUP, PLLC
BY:   STEVEN A. HANEY(P63947)
Attorneys for Plaintiff
22815 Kelly Road
Eastpointe, Michigan  48021
(248) 414-1470
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, by his attorneys, Haney Law Group, PLLC and Steven A. Haney, and in complaining against the above named Defendants, state:

1

## **COMMON ALLEGATIONS**

1. This action arises under 42 USC 1983. Jurisdiction is conferred by 28 USC 1331 and 28 USC 1343.

2. Plaintiff, Devin Monair-Donth Pettway ("Pettway") is an African American and is a resident of the City of Detroit, State of Michigan.

3. Defendant, Trooper Brennan Kelly ("Kelly") and the John Doe Officers ("Officers"), upon information and belief, are residents of the State of Michigan, and at all relevant times were employed by the Defendant Michigan State Police.

4. Defendant, Michigan State Police ("Defendant State Police"), is a municipal corporation, and is organized and exists under the laws of the State of Michigan, with its principal office located in the city of Lansing and the State of Michigan. All current and former employees identified herein as doe Defendants are being named in their individual and official capacities.

5. When the events alleged in this complaint occurred, Defendant Kelly and John Doe Officers were individually and collectively acting within the course and scope of their employment with the Michigan State Police, and under color of law.

6. At all times relevant to this complaint, these Defendants, so named, acted towards Plaintiff under color of statutes, ordinances, customs, and usage of the State of Michigan, Michigan State Police.

7. Plaintiff also sue Defendant Michigan State Trooper Kelly, and the other Jon Doe Officers, in their individual capacities. Absent discovery, the full identity of Trooper Kelly and the John Doe Defendant officers is not known.

8. Plaintiff invokes the pendant jurisdiction of this Court for their state law claims.

## FACTUAL BACKGROUND

9. On or about November 6, 2021, Plaintiff Pettway was visiting his sister, Auja Pettway, at her home located at 16562 Appoline Street in the City of Detroit when the Michigan State Police, and Defendant Officers arrived at that location to execute a search warrant related to Ms. Pettway's boyfriend, Troy Graham-Napper, Jr., who was the target of an alleged parental kidnapping investigation.

10. At no time was Plaintiff Pettway ever in any manner associated with the Michigan State Police criminal investigation, or a target of the factual

basis for the Defendants' presence at Ms. Pettway's residence.

11.   When the Defendants announced their presence at the residence by loudspeaker, Mr. Pettway exited the residence for the purpose of peacefully making contact with the Defendants to assure him that his sister, and her boyfriend, would comply with any and all requests, and to diffuse any potential confrontation..

12.   When Plaintiff Pettway exited the residence, he was immediately met with the aggressive presence of the Defendants, namely Defendant Kelly, who immediately verbally excoriated Mr. Pettway, pushed him in the chest and made threats of physical violence.

13.   Upon being physically assaulted, Plaintiff Pettway voiced his displeasure of being pushed by Defendant Kelly, prompting Defendant Kelly to tell Plaintiff Pettway "don't walk up on me, or I will knock you the fuck out".

14.   After Defendant Michigan State Trooper Kelly threatened to knock the Plaintiff out, Defendant Kelly then proceeded to throw one straight right hand punch to the head of Plaintiff Pettway, followed up by three more punches to the head and numerous knee kicks to Plaintiff Pettway's ribs. While Defendant Kelly was brutally assaulting Plaintiff Pettway, other

Defendant Officers either stood idly by, or assisted Defendant Kelly in his assault by holding Plaintiff Pettway's arms and shoulders down, so Defendant Kelly could have unobstructed aim at Plaintiff Pettway's head and ribs.  Notably the entirety of the Defendants' brutal assault on Plaintiff Pettway was captured on a video recorded by the next door neighbor.

15. As a result of the brutal assault, Plaintiff Pettway suffered personal injury to his ribs, head, neck, back and face **(Ex. A - Photographs of Injuries to Plaintiff Pettway).**

16. At no time did Plaintiff Pettway ever pose a risk of physical threat, or harm, to any of the Defendant Officers, most notably Defendant Trooper Kelly, who assaulted Plaintiff Pettway for no other reason than to retaliate against Pettway for him exercising his constitutionally protected 1st amendment free speech.

17. After Plaintiff Pettway was assaulted by the Defendants, he was thrown to the ground, handcuffed and taken to the Detroit Detention Center, where he was held for three days in custody and deprived of his freedom and liberty and denied medical treatment.

# COUNT I - FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
## (as to all Defendants)

18. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth, herein.

19. Plaintiff's Constitutionally protected rights that Defendants individually and collectively violated include the following:

   a. his rights to liberty protected in a substantive component of the due process clause of the Fourteenth Amendment which includes personal safety, privacy, liberty, and freedom from captivity;

   b. his rights to free and equal treatment guaranteed and protected by the Equal Protection clause of the Fourteenth Amendment;

   c. his rights to be secure in his persons, papers and effects against unreasonable searches and seizures under the Fourth Amendment.

19. Defendants, acting under color of state law, violated the above Constitutionally protected rights, by brutally assaulting Plaintiff Pettway, wrongfully detaining him, thereby depriving him of his freedom, freedom of movement, and subjecting Plaintiff Pettway to the constitutional violations herein pled.

20. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention was unreasonable and clearly excessive and unwarranted.

21. As a direct and proximate result of Defendants' conduct, Plaintiff suffered economic and non-economic damages, including but not limited to physical injuries, loss of freedom, mental and emotional distress, humiliation, embarrassment, anxiety and fright.

22. Defendant, Michigan State Police, acting under the color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff Pettway.

23. Defendants policy, custom, and practice was carried out with deliberate indifference, willful and wanton disregard and with the spirit of **gross negligence**, and was the direct and deliberate cause of the Constitutional deprivations of Plaintiff's liberty, due process, and was the direct cause of Plaintiff being subjected to cruel and unusual punishment and personal injury;

24. As a direct and proximate result of these policies, practices and customs, Plaintiff Pettway was deprived of this Constitutionally protected rights described above, by Defendants.

25. As a result of their conduct described above, Defendants are also liable under 42 USC & 1983.

**WHEREFORE**, Plaintiff requests judgment against Defendants for compensatory damages for whatever amount the jury finds necessary, and further demand judgment against individual Defendants for punitive damages for whatever amount the jury finds necessary, plus costs of this action, attorney fees and such other relief as this court deems just, proper and fit.

### COUNT II - EIGHTH AMENDMENT VIOLATIONS
### (as to all Defendants)

28. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth, herein.

29. The Eighth Amendment of the United States Constitution provides in pertinent part that excessive bail shall not be required nor excessive fines be imposed, nor cruel and unusual punishment be inflicted.

30. Defendants' actions described above violated Plaintiff's Constitutionally protected Eighth Amendment rights by subjecting him to cruel and unusual punishment.

31. As a direct and proximate result of defendants' conduct, Plaintiff suffered economic and non-economic damages, including but not limited to physical injuries, loss of freedom, mental and emotional distress,

8

humiliation, embarrassment, anxiety, fright, and nightmares.

32. Defendant Michigan State Police, acting under color of state law, authorized, tolerated, ratified, permitted or acquiesced in the creation of policies, practices and customs, establishing a de facto policy of deliberate indifference to individuals such as the Plaintiff.

33. Defendants' policy, custom, and practice was carried out with deliberate indifference, willful and wanton disregard and with the spirit of gross negligence, and was the direct and deliberate cause of the Constitutional deprivations of Plaintiff's loss of liberty, freedom and violation of his due process rights, and was the direct cause of Plaintiff being subjected to cruel and unusual punishment and resulting personal injury to Plaintiff Pettway.

**WHEREFORE**, Plaintiff requests judgment against Defendants for compensatory damages for whatever amount the jury finds necessary, and further demand judgment against individual Defendants for punitive damages for whatever amount the jury finds necessary, plus costs of this action, attorney fees and such other relief as this court deems just, proper and fit.

## STATE LAW CLAIMS
## COUNT III - FALSE IMPRISONMENT

34. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth, herein.

35. On or about November 6th, 2021, Defendants falsely, unlawfully and wrongfully, and without Plaintiff Pettway's consent, and against his will, handcuffed and incarcerated him at the Detroit Detention Center, thereby depriving Plaintiff Pettway of his liberty for a period of three days.

36. Defendants, individually or through principals of respondeat superior, physically restrained Plaintiff Pettway of his personal liberty and freedom of movement for a period of three days.

37. The imprisonment and restraints were against Plaintiff Pettway's will and done as a means of retaliation for him exercising his first amendment constitutional right of freedom of speech.

38. Defendants accomplished the imprisonment and restraint by actual physical force and the deprivation of Plaintiff Pettway's liberty and freedom was intentional, unlawful and unprivileged.

39. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention was

unreasonable and excessive.

40. As a direct and proximate result of Defendants' conduct, Plaintiff Pettway suffered economic and non-economic damages, including but not limited to physical injuries, loss of freedom, mental and emotional distress, humiliation, embarrassment, anxiety and fright.

**WHEREFORE**, Plaintiff requests judgment against Defendants for compensatory damages for whatever amount the jury finds necessary, and further demand judgment against individual defendants for punitive damages for whatever amount the jury finds necessary, plus costs of this action, attorney fees and such other relief as this court deems just, proper and fit.

### COUNT IV - ASSAULT AND BATTERY

41. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth, herein.

42. The above described conduct of Defendants constitutes assault and battery on Plaintiff Pettway.

43. Defendants caused physical contact to be inflicted on Plaintiff Pettway without his consent.

44. As a direct and proximate result of Defendants' conduct, Plaintiff suffered economic and non-economic damages, including but not limited to

11

physical injuries, loss of freedom, mental and emotional distress, humiliation, embarrassment, anxiety and fright.

**WHEREFORE**, Plaintiff requests judgment against Defendants for compensatory damages for whatever amount the jury finds necessary, and further demand judgment against individual defendants for punitive damages for whatever amount the jury finds necessary, plus costs of this action, attorney fees and such other relief as this court deems just, proper and fit.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

45. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth, herein.

46. Defendants' conduct as described above was extreme, unreasonable and outrageous, grossly negligent, and would not be tolerated by civilized society.

47. By engaging in such conduct, defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff Pettway would suffer extreme emotional distress as a result of Defendants' conduct.

48. As a direct and proximate result of Defendants' conduct, Plaintiff Pettway suffered economic and non-economic damages, including but not

limited to physical injuries, loss of freedom, mental and emotional distress, humiliation, embarrassment, anxiety and fright.

**WHEREFORE**, Plaintiff Pettway request judgment against Defendants for compensatory damages for whatever amount the jury finds necessary, and further demand judgment against individual defendants for punitive damages for whatever amount the jury finds necessary, plus costs of this action, attorney fees and such other relief as this court deems just, proper and fit.

## COUNT VI - GROSS NEGLIGENCE

49. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth, herein.

50. Defendant, Michigan State Police had a duty to properly hire, train, oversee, supervise and discipline police officers and its employees so as to prevent violations of Plaintiff's Constitutional, statutory and common law rights, and to prevent physical injury to Plaintiff Pettway.

51. By the conduct described above, Defendants breached the duty of care owed to Plaintiff and proximately caused him to suffer economic and non-economic damages, including but not limited to severe emotional distress, pain and suffering, fear, anxiety, embarrassment, discomfort, and

humiliation.

**WHEREFORE**, Plaintiff requests judgment against Defendants for compensatory damages for whatever amount the jury finds necessary, and further demand judgment against individual defendants for punitive damages for whatever amount the jury finds necessary, plus costs of this action, attorney fees and such other relief as this court deems just, proper and fit.

## DEMAND FOR TRIAL BY JURY

Plaintiff, by his attorneys, Haney Law Group, PLLC and Steven A. Haney, hereby demands a trial by jury in the above cause.

Respectfully submitted,

HANEY LAW GROUP, PLLC
/s/Steven A. Haney
By: Steven A. Haney (P63947)
Attorneys for Plaintiff
Dated: November 19, 2021            (248) 414-1470